IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ISAAC ISAHAS WASHINGTON, | ) | |
| #217 169, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-562-TMH |
| | ) | [WO] |
| MARK BRUTON, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at Easterling Correctional Facility in Clio, Alabama, files this 42 U.S.C. § 1983 action against Warden Kenneth Sconyers and Mark Bruton of the Central Records Division of the Alabama Department of Corrections. Plaintiff brings this action requesting his release and damages as a result of being served with a warrant on July 23, 2013, even though Plaintiff has no new convictions and has been imprisoned since August of 2011 as a technical parole violator. Upon review of the complaint, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

On July 23, 2013 Plaintiff received a warrant issued by the Circuit Court for Mobile County, Alabama. Plaintiff complains that service of a warrant on him while he is incarcerated and without there being any new "convictions" against him violates his due process rights. Plaintiff further maintains that he was imprisoned in August 2011 as a technical parole violator for which he should served only 90 days in prison. He claims, therefore, that his continued imprisonment is unlawful. (*Doc. No. 1*.)

Plaintiff maintains that Defendants Bruton and Sconyers violated his due process rights by serving him with an indictment in prison in the absence of any pending charges. However, a complaint concerning the service of court-issued documents on Plaintiff does not allege a violation of any constitutional right.  *See West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, Plaintiff's challenge to the issuance of an indictment against him is barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances.  *Id.* at 44.

Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,*

457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F.App'x 814, 816 (11th Cir. 2008) *(per curiam)*. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 43; *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court should enjoin a pending state criminal proceeding only if "the danger of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974). The abstention doctrine announced in *Younger* reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm.,* 457 U.S. at 431.

The *Younger* abstention doctrine bars this court from interfering in the criminal actions pending against Plaintiff. *See Younger,* 401 U.S. 37; *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004) ("As in *Younger* itself, the doctrine usually applies in cases

involving criminal prosecution or the criminal justice system."). Plaintiff has not alleged that the pending state court proceedings regarding the charge(s) made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record.

Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Additionally, in *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id* at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

Based on the foregoing, this court must abstain from considering the merits of

Plaintiff's challenges to the indictment pending against him and his allegedly unlawful imprisonment.  Accordingly, dismissal of these claims claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not cognizable in a 42 U.S.C. § 1983 action at this time.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **October 10, 2013**.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 26th day of September, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE